ELIZABETH KERR, JUSTICE
Geoffrey Ali Jahan Tigh appeals from the trial court's August 17, 2016 judgment domesticating a Pennsylvania judgment that was filed in Texas on September 18, 2012. We affirm in part and reverse in part.
Background
In December 2005, Appellee De Lage Landen Financial Services sued Tigh in Pennsylvania state court. De Lage moved for alternative service after it was unable to serve Tigh. The Pennsylvania court granted De Lage's motion, giving it permission to serve Tigh by regular mail at his last-known address "in substantially the same manner" provided by Pennsylvania civil-procedure rule 403(1). De Lage then sent Tigh the complaint by regular mail, but Tigh did not appear. On July 28, 2006, the Pennsylvania court entered a default judgment against Tigh for over $64,000.
Some six years later, on September 18, 2012, De Lage filed in Tarrant County district court a certified copy of the Pennsylvania judgment, an affidavit stating Tigh's name and Tigh's and De Lage's last-known addresses, and a filing notice under the Uniform Enforcement of Foreign Judgments Act (UEFJA). See Tex. Civ. Prac. & Rem. Code Ann. §§ 35.002, .003, .004 (West 2015). Tigh timely moved to vacate the judgment and for a new trial. See Tex. R. Civ. P. 329b(a). The trial court denied the motion on November 30, 2012. See Tex. R. Civ. P. 329b(c). Tigh then filed an emergency motion for reconsideration.
Tigh also timely filed a notice of appeal on December 17, 2012. See Tex. R. App. P. 26.1(a)(1). The next day, the trial court granted Tigh's new-trial motion "to determine *718 if the judgment is void for lack of jurisdiction." See Tex. R. Civ. P. 329b(e). In light of that ruling, we informed the parties that it appeared the trial court's granting of the motion rendered the appeal moot; we warned them that we would dismiss the appeal unless, within ten days, one of the parties explained why we shouldn't. See Jahan-Tigh v. De Lage Landen Fin. Servs. , No. 02-12-00509-CV, 2013 WL 978712, at *1 (Tex. App.-Fort Worth, Mar. 14, 2013, no pet.) (mem. op.). When neither party responded, we dismissed the appeal as moot. Id.
After a bench trial in August 2016-nearly four years after De Lage came to court in Texas-the trial court signed a judgment finding that the Pennsylvania court had jurisdiction over Tigh and that the Pennsylvania judgment was valid. Based on these findings, the trial court denied Tigh's motion to vacate the judgment and motion for new trial. The trial court entered a judgment nunc pro tunc in February 2017 to correct the date of the Pennsylvania judgment recited in the Texas judgment.
Tigh has appealed raising four issues: (1) the August 2016 judgment and February 2017 judgment nunc pro tunc are void because they were signed after the trial court's plenary power expired; (2) a trial court cannot enter a judgment "domesticating a foreign judgment" in a UEFJA proceeding; (3) the Pennsylvania judgment was dormant and unenforceable when the trial court signed the August 2016 judgment;[1] and (4) the trial court erred by denying Tigh a new trial because De Lage did not serve Tigh according to Pennsylvania civil-procedure rule 403(1).
The Uniform Enforcement of Foreign Judgments Act
The United States Constitution requires that each state give full faith and credit to the public acts, records, and judicial proceedings of every other state. U.S. Const. art. IV, § 1. A judgment creditor may enforce a foreign judgment[2] in Texas under Texas's version of the UEFJA by filing an authenticated copy of the judgment in a Texas court. See Tex. Civ. Prac. & Rem. Code Ann. § 35.003(a). When a judgment creditor proceeds under the UEFJA, the creditor's filing of the judgment is "both a plaintiff's original petition and a final judgment: the filing initiates the enforcement proceeding, but it also instantly creates a Texas judgment that is enforceable." Moncrief v. Harvey , 805 S.W.2d 20, 22 (Tex. App.-Dallas 1991, no writ). A foreign judgment filed under the UEFJA is treated "in the same manner as a judgment of the court in which the foreign judgment is filed" and has "the same effect and is subject to the same procedures, defenses, and proceedings for reopening, vacating, staying, enforcing, or satisfying a judgment as a judgment of the court in which it is filed." Tex. Civ. Prac. & Rem. Code Ann. § 35.003(b), (c).
The Trial Court's Jurisdiction
In his first issue, Tigh complains that the August 2016 judgment and the February 2017 judgment nunc pro tunc are void because they were signed after the trial court's plenary power had expired.
A party seeking to enforce a foreign judgment under the UEFJA has the initial burden to present a judgment that *719 appears on its face to be a final, valid, and subsisting judgment. Mindis Metals, Inc. v. Oilfield Motor & Control, Inc. , 132 S.W.3d 477, 484 (Tex. App.-Houston [14th Dist.] 2004, pet. denied) (op. on reh'g). When a judgment creditor files an authenticated copy of a foreign judgment that accords with the UEFJA, the creditor presents a prima facie case for its enforcement. Id. The burden then shifts to the judgment debtor to prove that the foreign judgment should not be given full faith and credit. Id. The presumption of the judgment's validity can be overcome only by clear and convincing evidence. Id. There are five well-established reasons that a judgment should not be given full faith and credit: (1) the foreign judgment is interlocutory; (2) the foreign judgment is subject to modification under the rendering state's law; (3) the rendering state lacked jurisdiction;[3] (4) the foreign judgment was secured by extrinsic fraud; and (5) the period for enforcing the foreign judgment in Texas has expired under civil practice and remedies code section 16.066. Id. at 484-85 ; see Tex. Civ. Prac. & Rem. Code Ann. § 16.066. Of these five reasons, only the third is pertinent to this issue.
The Pennsylvania judgment became enforceable as a Texas judgment on September 18, 2012, the day De Lage filed an authenticated copy of the Pennsylvania judgment[4] in Texas state court. See Mindis Metals , 132 S.W.3d at 483 ; Moncrief , 805 S.W.2d at 22. The burden then shifted to Tigh to prove that the Pennsylvania judgment should not be given full faith and credit. See Mindis Metals , 132 S.W.3d at 484.
The next month, Tigh timely moved to vacate the judgment and for a new trial. See Tex. R. Civ. P. 329b(a) ; Moncrief , 805 S.W.2d at 23 (stating that "any motion to contest the recognition of a foreign judgment, filed within thirty days after the filing of the foreign judgment, operates as a motion for new trial in the context of a section 35.003 proceeding"). Tigh argued that the Pennsylvania judgment should not be given full faith and credit because (1) De Lage did not properly serve him with process in the Pennsylvania suit; (2) the Pennsylvania court lacked personal jurisdiction over him; and (3) De Lage could not sue in Texas state court because De Lage's right to do business in Texas had been forfeited for failure to satisfy franchise-tax requirements. The trial court at first denied the motion, but on December 18, 2012-while it still had plenary power over the case-it granted the motion "to determine if the judgment is void for lack of jurisdiction." See Tex. R. Civ. P. 329b(e).
Tigh asserts that by granting his new-trial motion, the trial court effectively denied enforcement of the Pennsylvania judgment, and thus, the new-trial order was final and appealable, the postjudgment deadlines started to run, and De Lage should have either appealed that order or filed a common-law action to enforce the judgment. Tigh relies on a case in which one of our sister courts concluded that an order vacating a domesticated foreign judgment was final and appealable. See Mindis Metals , 132 S.W.3d at 483-84. There, in so concluding, the Fourteenth Court first reasoned that while an order *720 granting a new trial is ordinarily interlocutory and not appealable, an order denying enforcement of a foreign judgment is "not necessarily interlocutory in the same manner as a traditional order granting a new trial and/or vacating a judgment." Id. at 483. That is because a "new 'trial' is not possible because there was no Texas trial in the first place"; rather, filing the foreign judgment "comprises both an original petition and a final judgment." Id. "Obviously," our sister court observed, "a Texas court cannot order a new trial to take place in the foreign jurisdiction." Id. But what the Mindis Metals trial court had done-vacating the foreign judgment in a way that yielded a final, appealable order-differs qualitatively from what happened in the case before us. In Mindis Metals , the trial court ruled that the foreign judgment was not entitled to full faith and credit and was unenforceable in Texas, a ruling that "terminated the outstanding claims and rights of all parties to [the] UEFJA proceeding" and left "nothing for [the trial court] to adjudicate"-hence its finality. Id.
Here, in contrast, the trial court granted the motion for new trial but did not deny or refuse enforcement of the Pennsylvania judgment in Texas. It simply gave Tigh the chance to prove that the judgment was jurisdictionally void, one of the five grounds on which a Texas court can decline to give a foreign judgment full faith and credit. See ids="9277443" index="21" url="https://cite.case.law/sw3d/132/477/#p484">id. at 484-85 ; see also Tex. Civ. Prac. & Rem. Code Ann. § 35.003(c) (stating that a filed foreign judgment is subject to the same defenses and proceedings for reopening, vacating, or staying a Texas judgment). When it partially granted Tigh's motion, the trial court did not terminate all of De Lage's and Tigh's "outstanding claims and rights," as the Mindis Metals court had done to the parties before it; the trial court here saved the jurisdictional issue to decide later. Because the court reserved this issue, its order granting Tigh's motion for new trial was not final, and the court still had jurisdiction over the case when it adjudicated the jurisdictional issue nearly four years later.[5] See generally Lehman v. Har-Con Corp. , 39 S.W.3d 191, 195, 200 (Tex. 2001) (discussing finality of judgments). The August 2016 judgment and the February 2017 judgment nunc pro tunc are therefore not void, and we overrule Tigh's first issue.
The Trial Court's Judgment
In his second issue, Tigh argues that assuming the trial court still had jurisdiction over the case in August 2016, the Pennsylvania judgment stands on its own, and the trial court erred by entering a separate judgment domesticating the Pennsylvania judgment.
The UEFJA is one of the two recognized methods of enforcing a foreign judgment in Texas. In addition to the UEFJA, a judgment creditor may bring a common-law action to enforce a foreign judgment. See Tex. Civ. Prac. & Rem. Code Ann. § 35.008 (West 2015) ("A judgment creditor retains the right to bring an action to enforce a judgment instead of proceeding under [the UEFJA]."). When a judgment creditor does so, its "petition as plaintiff initiates the action; the judgment debtor, as defendant, can assert his defenses; and a judgment results." Moncrief , 805 S.W.2d at 22. In contrast, when a creditor such as De Lage opts to proceed under the UEFJA, filing the foreign judgment *721 not only initiates the enforcement proceeding but also instantly creates an enforceable Texas judgment. Id. ; see Walnut Equip. Leasing Co. v. Wu , 920 S.W.2d 285, 286 (Tex. 1996) (stating that under the UEFJA, "the filing of the foreign judgment comprises both a plaintiff's original petition and a final judgment"); see also Tex. Civ. Prac. & Rem. Code Ann. § 35.003(b) - (c). By its very nature, the UEFJA does not contemplate or authorize the entry of a judgment replacing the foreign judgment. See Tex. Civ. Prac. & Rem. Code Ann. §§ 35.001 -.008 (West 2015).
Here, in addition to the relief noted above, the August 2016 judgment and the February 2017 judgment nunc pro tunc ordered as follows:
IT IS FURTHER ORDERED that Plaintiff De Lage Landen Financial Services, Inc. do have and recover of and from Defendant a domesticated judgment pursuant to the Pennsylvania judgment entered against Defendant on July 28, 2006,[6 ] in the Court of Common Pleas of Chester County, Pennsylvania, cause # 05-10157, in the principal sum of $64,370.30 with all postjudgment interest thereon at the statutory rate from date of judgment, and with its costs in this behalf expended (the "Judgment"), and that Plaintiff have its execution. Such Judgment shall be fully recognized and enforced in the courts of the State of Texas.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that all writs and processes, including any writ of execution, for the enforcement and collection of this judgment or the costs of court shall issue as necessary in favor of Plaintiff.
IT IS FURTHER ORDERED, ADJUDGED and DECREED that this Judgment finally disposed of all claims and all parties and is appealable.
Because De Lage opted to proceed under the UEFJA, Tigh argues that the only relief that the trial court granted in 2016 that was consistent with the UEFJA was to deny his motion for new trial and that the UEFJA did not permit the trial court to enter a separate judgment. We agree. The trial court should have allowed the Pennsylvania judgment to speak for itself and should not have entered a new judgment replacing it. We therefore sustain Tigh's second issue.
Limitations and Dormancy
In his third issue, Tigh contends that because the Pennsylvania judgment was more than ten years old by the time the trial court ruled on his motion to vacate the judgment and motion for new trial, enforcement of that Pennsylvania judgment was time-barred under civil practice and remedies code section 16.066, and also that the Pennsylvania judgment was dormant under civil practice and remedies code section 34.001. See Tex. Civ. Prac. & Rem. Code Ann. §§ 16.066, 34.001. Tigh argues that for these reasons, the trial court erred by entering an order domesticating the Pennsylvania judgment.
As noted, the expiration of limitations under section 16.066 is one of the five grounds on which a Texas court can decline to give a foreign judgment full faith and credit. See Mindis Metals , 132 S.W.3d at 484-85. Tigh's argument implicates section 16.066(b),[7] which provides that "[a]n *722 action against a person who has resided in this state for 10 years prior to the action[8 ] may not be brought on a foreign judgment[9 ] rendered more than 10 years before the commencement of the action in this state." Tex. Civ. Prac. & Rem. Code Ann. § 16.066(b) ; see also Lawrence Sys., Inc. v. Superior Feeders, Inc. , 880 S.W.2d 203, 208 (Tex. App.-Amarillo 1994, writ denied) (concluding that section 16.066(b) applies to both UEFJA and common-law actions to enforce foreign judgments). Because De Lage commenced its UEFJA action in Tarrant County district court in September 2012-less than 10 years after the Pennsylvania judgment was rendered in July 2006-limitations did not bar De Lage's UEFJA action. We overrule this portion of Tigh's third issue.
Tigh next asks us to hold that when the trial court overruled his motion to vacate the judgment and motion for new trial in August 2016, the Pennsylvania judgment was dormant under civil practice and remedies code section 34.001(a). Section 34.001(a) provides that "[i]f a writ of execution is not issued within 10 years after the rendition of a judgment of a court of record or a justice court, the judgment is dormant and execution may not be issued on the judgment unless it is revived." Tex. Civ. Prac. & Rem. Code Ann. § 34.001(a). Tigh cites a Dallas appellate decision for the proposition that, in his words, "rendition means that the limitation period of 34.001 runs from the date of the foreign judgment not the date the foreign judgment was domesticated." See Ware v. Everest Grp., L.L.C. , 238 S.W.3d 855 (Tex. App.-Dallas 2007, pet. denied). But this was not Ware 's holding. Rather, that court concluded that the date of filing a foreign judgment in a Texas court becomes the "rendition" date when determining if that domesticated foreign judgment is dormant under section 34.001(a). See ids="8366613" index="36" url="https://cite.case.law/sw3d/238/855/">id. at 863-64. Ware is therefore inapposite.
Tigh does not cite, nor have we found, any authority that section 34.001(a) applies to foreign judgments or that even if it does, section 34.001(a) prevents a trial court from concluding that a foreign judgment filed within limitations and before the foreign judgment was dormant under Texas law is entitled to full faith and credit. De Lage's filing the Pennsylvania judgment in Texas state court in September 2012 simultaneously started the UEFJA enforcement proceeding and created a Texas judgment. See Moncrief , 805 S.W.2d at 22. So even if section 34.001(a) applied here, the Texas judgment-which was separate and distinct from the Pennsylvania judgment-was created before the July 2006 Pennsylvania judgment became dormant under Texas law. Cf. Ware , 238 S.W.3d at 863 (concluding that the Texas judgment created when the judgment creditor filed a foreign judgment in Texas court under the UEFJA was a separate judgment from the foreign judgment for purposes of determining whether the action to revive the dormant Texas judgment was timely). We overrule the remaining portion of Tigh's third issue.
The Pennsylvania Court's Jurisdiction
As we mentioned, the rendering state's lack of jurisdiction because of inadequate service of process is another of the five grounds on which a Texas court can decline *723 to give a foreign judgment full faith and credit. See Mindis Metals , 132 S.W.3d at 484 n.6 ; Minuteman Press Int'l, Inc. v. Sparks , 782 S.W.2d 339, 340 (Tex. App.-Fort Worth 1989, no writ). In his final issue, Tigh contends that the trial court erred by not granting his motion to vacate the judgment and motion for new trial because he was not served with process in Pennsylvania in strict compliance with that state's civil-procedure rule 403(1).
We review a trial court's order on a motion contesting a foreign judgment's enforcement for an abuse of discretion. Ward v. Hawkins , 418 S.W.3d 815, 824 (Tex. App.-Dallas 2013, no pet.). We apply the abuse-of-discretion standard recognizing that the law required the trial court to give full faith and credit to the Pennsylvania judgment unless Tigh established an exception by clear and convincing evidence. See ids="7259707" index="42" url="https://cite.case.law/sw3d/418/815/#p824">id. at 822, 824 ; see also XTRA Lease LLC v. Genesis Truckyard, LLC , No. 02-13-00404-CV, 2014 WL 6997326, at *2 (Tex. App.-Fort Worth Dec. 11, 2014, no pet.) (mem. op.). Determining whether a judgment debtor established an exception generally involves a factual inquiry, not resolution of a question of law. Ward , 418 S.W.3d at 824. But the trial court has no discretion in applying the law to the established facts. Id.
Normally, we would review the record to determine whether the trial court misapplied the law to the established facts when it concluded that Tigh had not established an exception to the full-faith-and-credit doctrine. See ids="7259707" index="46" url="https://cite.case.law/sw3d/418/815/#p824">id. But we have no record of the trial.[10] When, as here, the trial court signs a final judgment after a bench trial without filing findings of fact or conclusions of law, we imply all facts necessary to support the judgment and will uphold it on any theory the record supports. Rosemond v. Al-Lahiq , 331 S.W.3d 764, 766-67 (Tex. 2011) ; Wood v. Tex. Dep't of Pub. Safety , 331 S.W.3d 78, 79 (Tex. App.-Fort Worth 2010, no pet.). And when we do not have a reporter's record, we indulge every presumption in favor of the trial court's judgment. Wood , 331 S.W.3d at 79-80.
Pennsylvania civil-procedure rule 403(1) provides
If the mail is returned with notation by the postal authorities that the defendant refused to accept the mail, the plaintiff shall have the right of service by mailing a copy to the defendant at the same address by ordinary mail with the return address of the sender appearing thereon. Service by ordinary mail is complete if the mail is not returned to the sender within fifteen days after mailing.
Pa. R. Civ. P. 403(1). Because we must imply all facts necessary to support the trial court's judgment, uphold the judgment on any theory the record supports, and indulge every presumption in the judgment's favor, we must assume that the evidence supported both the trial court's implied finding that De Lage satisfied rule 403(1) 's requirements and its conclusion that the Pennsylvania court therefore had jurisdiction over Tigh when it rendered the Pennsylvania judgment. We overrule Tigh's fourth issue.
Conclusion
Having sustained Tigh's second issue, we reverse only that part of the August 2016 judgment and the February 2017 judgment nunc pro tunc awarding De Lage judgment on the Pennsylvania judgment.
*724 The Pennsylvania judgment remains entitled to full faith and credit and is fully enforceable in Texas. Having overruled Tigh's first, third, and fourth issues, we affirm the remainder of the trial court's judgment.

See Tex. Civ. Prac. & Rem. Code Ann. §§ 16.066, 34.001 (West 2015).

A "foreign judgment" is "a judgment, decree, or order of a court of the United States or of any other court that is entitled to full faith and credit in this state." Tex. Civ. Prac. & Rem. Code Ann. § 35.001 (West 2015).

"A defendant may challenge the jurisdiction of a sister state by demonstrating that (1) service of process was inadequate under the rules of the sister state or (2) the sister state's exercise of personam jurisdiction offends the due process of law." Mindis Metals , 132 S.W.3d at 484 n.6.

Tigh does not dispute that De Lage filed an authenticated copy of the Pennsylvania judgment, thereby presenting a prima facie case for its enforcement in Texas. See Tex. Civ. Prac. & Rem. Code Ann. § 35.003(a) ; Mindis Metals , 132 S.W.3d at 484.

The delay might have been puzzling and unfortunate, but it did not affect the trial court's continuing jurisdiction.

The 2016 judgment incorrectly stated that the date of the Pennsylvania judgment was July 28, 2016. The 2017 judgment nunc pro tunc corrected the year to 2006.

Section 16.006(a) states that "[a]n action on a foreign judgment is barred in this state if the action is barred under the laws of the jurisdiction where rendered." Tex. Civ. Prac. Rem. Code Ann. § 16.066(a). On appeal, Tigh does not argue that De Lage's UEFJA action was barred under Pennsylvania law.

Tigh is a Texas resident, and he does not dispute that he resided here for ten years before De Lage's UEFJA action.

In section 16.066, a " 'foreign judgment' means a judgment or decree rendered in another state or foreign country." Tex. Civ. Prac. & Rem. Code Ann. § 16.066(c).

In a letter to this court, the court reporter stated, "I have not received a designation from Counsel to prepare a Reporter's Record, and after reviewing my files, I do not see that anything has ever been reported in this matter."