

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-19-00354-CV

**CUMBERLAND SURGICAL HOSPITAL OF SAN ANTONIO, LLC**
and PSN Affiliates, LLC - North Loop Series,
Appellants

v.

**CCA FINANCIAL, LLC**,
Appellee

From the 45th Judicial District Court, Bexar County, Texas
Trial Court No. 2019CI03676
Honorable Mary Lou Alvarez, Judge Presiding

Opinion by:     Sandee Bryan Marion, Chief Justice

Sitting:        Sandee Bryan Marion, Chief Justice
                Irene Rios, Justice
                Liza A. Rodriguez, Justice

Delivered and Filed: December 4, 2019

AFFIRMED

Cumberland Surgical Hospital of San Antonio, LLC ("Cumberland") and PSN Affiliates,

LLC – North Loop Series ("PSN") appeal the trial court's failure to rule on their motion to vacate

a foreign judgment asserting the trial court abused its discretion in allowing the motion to be

overruled by operation of law.  We affirm the trial court's judgment.

### BACKGROUND

On September 15, 2015, Cumberland and CCA Financial, LLC ("CCA") entered into a

Master Lease Agreement pursuant to which CCA agreed to lease Cumberland certain equipment.

On September 29, 2015, Cumberland and CCA entered into a Security Agreement pursuant to which Cumberland granted CCA a security interest in the equipment listed on an exhibit to the Security Agreement to secure the rental payments Cumberland would owe to CCA under the Master Lease Agreement.  In the Security Agreement, Cumberland represented and warranted that it owned the equipment listed on the exhibit free and clear of all liens, security interests, and claims.

On November 2, 2018, CCA sent Cumberland a notice of default and demand asserting Cumberland had failed to make timely rental payments for January 2018 through October 2018.  The notice referred to the equipment rented to Cumberland under the terms of the Master Lease Agreement as listed on two equipment schedules signed by the parties (the "Leased Equipment").  The notice also contained an exhibit listing the equipment in which CCA had a security interest under the terms of the Security Agreement (the "Collateral Equipment").  The notice demanded payment in full of the past-due rental payments and the return of the Leased Equipment.  The notice also demanded that Cumberland "immediately assemble the Collateral Equipment and make it available to CCA."

On November 26, 2018, CCA filed a complaint against Cumberland in a Virginia court.  The complaint sought damages for Cumberland's breach of its obligations under the Master Lease Agreement.  The complaint also sought a "judgment in detinue" granting CCA "the right to take possession of, and compelling Cumberland to surrender, the Leased Equipment and the Collateral [Equipment]."

On February 6, 2019, the Virginia court entered a Consent Final Judgment and Detinue Order ("Consent Judgment") against Cumberland and PSN.  The Consent Judgment recites that Cumberland and PSN consented to the requested relief, and the Consent Judgment is signed as "Seen and agreed" by a representative of Cumberland and PSN.  The Consent Judgment awards CCA $569,835.53 in damages and orders Cumberland and PSN to tender to CCA the equipment

listed and identified on an exhibit to the Consent Judgment (the "Listed Equipment"). The Listed Equipment includes the Leased Equipment and the Collateral Equipment. The Consent Judgment further provides Cumberland and PSN would be entitled to a credit against the judgment for the net proceeds, if any, from the sale of the Listed Equipment.

On February 25, 2019, CCA filed a notice of foreign judgment in the underlying cause in Bexar County, Texas pursuant to section 35.003 of the Uniform Enforcement of Foreign Judgments Act ("UEFJA"). *See* TEX. CIV. PRAC. & REM. CODE ANN. § 35.003. On March 27, 2019, Cumberland and PSN filed a motion to vacate or stay enforcement of the Consent Judgment.

In their motion to vacate, Cumberland and PSN alleged the Collateral Equipment is owned by Capital Partners Financial Group USA, Inc. ("Capital Partners") and was pledged by Capital Partners to secure a loan from UMB Bank, N.A. ("UMB"). The motion asserted the Consent Judgment is void because neither Capital Partners nor UMB were parties to the Virginia lawsuit; therefore, the Virginia court did not have jurisdiction to enter the judgment "giving Plaintiff ownership of Capital Partners' property." The motion further asserted the trial court could not enforce the Consent Judgment in the underlying cause because neither Capital Partners nor UMB are listed as parties in CCA's notice of foreign judgment.

Cumberland and PSN attached to their motion a declaration pursuant to section 132.001 of the Texas Civil Practice and Remedies Code signed by Ryan King, PSN's chief financial officer since January 2019. In the declaration, King stated PSN purchased a controlling interest in Cumberland in October 2018, and PSN provides management and administrative services to Cumberland. King also stated Cumberland leased the Collateral Equipment from Capital Partners, and Capital Partners later assigned the lease to UMB. King finally stated PSN and Cumberland's current management did not discover the Collateral Equipment was owned by UMB until CCA threatened to take possession of the Collateral Equipment.

Cumberland and PSN also attached to their motion two UCC financing statements filed by Capital Partners on September 15, 2015, listing the collateral as "[a]ll equipment and inventory of Debtor [Cumberland] financed by Secured Party [Capital Partners] wherever located, and now owned or hereafter acquired." One of the UCC financing statements had a 215-page list of equipment attached to it. The list stated it was "[a]ttach[ed] to and a part of the lease agreement between" Capital Partners as lessor and Cumberland as lessee.

The final attachment to Cumberland and PSN's motion is a UCC financing statement filed by CCA on October 15, 2015, listing the Collateral Equipment as the collateral.

On April 25, 2019, the attorney representing Cumberland and PSN sent a letter to the trial court's staff attorney enclosing a proposed order on the motion to vacate. By letter dated May 3, 2019, the staff attorney responded to the attorney's letter advising that the proposed order had not been signed "because Bexar County District Judges do not rule on submission on such matters." The attorney was also advised he would "need to schedule a hearing with the Presiding Court and make a personal appearance" and was further advised about the procedure he would need to follow to schedule a hearing. Because the attorney never scheduled a hearing, the motion to vacate was overruled by operation of law, and this appeal ensued.

## UEFJA AND STANDARD OF REVIEW

"[A] judgment creditor may enforce a foreign judgment under the UEFJA as provided in Chapter 35 of the Texas Civil Practice and Remedies Code." *Counsel Fin. Servs., L.L.C. v. David McQuade Leibowitz, P.C.*, 311 S.W.3d 45, 50 (Tex. App.—San Antonio 2010, pet. denied) (citing TEX. CIV. PRAC. & REM. CODE ANN. §§ 35.001–35.008). Under the UEFJA, "the filing of a foreign judgment is in the 'nature of both a plaintiff's original petition and a final judgment: the filing initiates the enforcement proceeding, but it also instantly creates a Texas judgment that is enforceable.'" *Counsel Fin. Servs., L.L.C.*, 311 S.W.3d at 50 (quoting *Moncrief v. Harvey*, 805

S.W.2d 20, 22 (Tex. App.—Dallas 1991, no writ)).  A foreign judgment filed under the UEFJA "has the same effect and is subject to the same procedures, defenses, and proceedings for reopening, vacating, staying, enforcing, or satisfying a judgment as a judgment of the court in which it is filed."  TEX. CIV. PRAC. & REM. CODE ANN. § 35.003(c).

"Under the UEFJA, the party seeking to enforce a foreign judgment has the initial burden to present a judgment that appears on its face to be a final, valid, and subsisting judgment." *Counsel Fin. Servs., L.L.C.*, 311 S.W.3d at 51.  "When a judgment creditor files an authenticated copy of a foreign judgment, he satisfies his burden of presenting a prima facie case for enforcement under the UEFJA, and the burden of establishing why the judgment should not be given full faith and credit shifts to the judgment debtor."  *Clamon v. DeLong*, 477 S.W.3d 823, 825–26 (Tex. App.—Fort Worth 2015, no pet.).  To meet its burden, the judgment debtor must "prove by clear and convincing evidence that the foreign judgment should not be given full faith and credit." *Counsel Fin. Servs., L.L.C.*, 311 S.W.3d at 51. "There are five well-established exceptions to full faith and credit requirements: (1) the foreign judgment is interlocutory; (2) the foreign judgment is subject to modification under the law of the rendering state; (3) the rendering state court lacked jurisdiction; (4) the foreign judgment was procured by extrinsic fraud; and (5) pursuant to section 35.003(c) of the Texas Civil Practice and Remedies Code, the period of time to file the foreign judgment had expired." *Id*.  In their motion to vacate, Cumberland and PSN relied on the third exception, arguing the Virginia court lacked jurisdiction because Capital Partners and UMB were not parties to the Virginia lawsuit.[1]

---

[1] Although Cumberland and PSN consented to the entry of the Consent Judgment, jurisdiction "may not be conferred upon a court by the consent of the parties."  *Rogers v. Damron*, 479 S.E.2d 540, 541 (Va. Ct. App. 1997); *see also Dubai Petroleum Co. v. Kazi*, 12 S.W.3d 71, 76 (Tex. 2000) (noting jurisdiction "cannot be conferred upon any court by consent or waiver") (internal quotation marks omitted).

"We review a trial court's order on a motion contesting a foreign judgment's enforcement for an abuse of discretion." *Jahan Tigh v. De Lage Landen Fin. Servs.*, 545 S.W.3d 714, 723 (Tex. App.—Fort Worth 2018, no pet.).  Because CCA met its burden of presenting a prima facie case for enforcement under the UEFJA by filing an authenticated copy of the Consent Judgment, "[w]e apply the abuse-of-discretion standard recognizing that the law required the trial court to give full faith and credit to the [Consent Judgment] unless [Cumberland and PSN] established an exception by clear and convincing evidence." *Id*.  "Determining whether a judgment debtor established an exception generally involves a factual inquiry, not resolution of a question of law." *Id*.  "But the trial court has no discretion in applying the law to the established facts." *Id*.

### FAILURE TO SET HEARING

Before we can address whether Cumberland and PSN met their burden to establish by clear and convincing evidence that the Virginia court lacked jurisdiction to enter the Consent Judgment, we first must address the effect of their failure to set the motion to vacate for a hearing.

Because Cumberland and PSN had the burden to establish the exception to the full faith and credit requirement by clear and convincing evidence, requiring evidence to be heard by the trial court, they were required to obtain a hearing on their motion to vacate to preserve their complaint for appellate review. *See Tyhan, Inc. v. Cintas Corp. No. 2*, No. 01-18-00027-CV, 2018 WL 5539419, at *1–2 (Tex. App.—Houston [1st Dist.] Oct. 30, 2018, no pet.) (mem. op.).  Despite being advised that the motion was required to be set for a hearing and being advised regarding the procedure to follow, Cumberland and PSN never set the motion for a hearing.  "[W]hen 'a movant for new trial from a default judgment makes no effort to have [its] motion set for a hearing or otherwise to draw the trial court's attention to [its] motion, and the movant allows the motion to be overruled by operation of law, the trial court does not abuse its discretion in permitting [its] motion to be overruled by operation of law." *R & G Transp., Inc. v. Fleetmatics*, No. 01-14-00891-

CV, 2016 WL 268553, at *2 (Tex. App.—Houston [1st Dist.] Jan. 21, 2016, no pet.) (mem. op.) (alterations in the original) (quoting *James v. Comm'n for Lawyer Discipline*, 310 S.W.3d 586, 593–94 (Tex. App.—Dallas 2010, no pet.)). "This is because when a motion for new trial requires the exercise of discretion, a trial court must be afforded the opportunity to exercise that discretion before a court of appeals may hold that it was abused." *Id.*; *see also Shamrock Roofing Supply, Inc. v. Mercantile Nat'l Bank at Dall.*, 703 S.W.2d 356, 358 (Tex. App.—Dallas 1985, no writ) (explaining "[t]rial judges have a heavy load of trials and contested motions," "cannot be expected to examine *sua sponte* all papers filed in their courts," and "must rely on counsel to see that motions are set for hearing"). Accordingly, because Cumberland and PSN failed to set their motion to vacate for a hearing, the trial court did not abuse its discretion in allowing the motion to be overruled by operation of law.

## CONCLUSION

The judgment of the trial court is affirmed.

Sandee Bryan Marion, Chief Justice