

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-21-00434-CV

_____

MICHAEL AVILA, Appellant

V.

KINDSVATER TRAILERS, LLC, Appellee

On Appeal from the 153rd District Court
Tarrant County, Texas
Trial Court No. 153-328471-21

Before Bassel, Wallach, and Walker, JJ.
Memorandum Opinion by Justice Bassel

## MEMORANDUM OPINION

### I.  Introduction

Appellant Michael Avila appeals the trial court's Order Granting Motion to Declare Foreign Judgment Void.  In a single issue, Avila argues that the trial court erred in granting the motion because Appellee Kindsvater Trailers, LLC failed to present clear and convincing evidence that the State of California lacked personal jurisdiction over Kindsvater.  Because the trial court improperly granted the motion without conducting an evidentiary hearing, we reverse and remand.

### II.  Background

In September 2017, Avila, a California resident, and Kindsvater, a Texas limited liability company, entered into an oral agreement whereby Kindsvater would construct a custom boat trailer for Avila in exchange for payment of $10,500.  Avila paid the purchase price in full and turned over his existing trailer and boat to Kindsvater to use as specification and requirement guides when building the new boat trailer.  After Kindsvater finished construction and delivered the completed trailer, Avila complained of a number of construction issues and areas in which the trailer failed to meet promised specifications and requirements.  Kindsvater agreed to correct certain of the issues raised by Avila.  However, even after the completion of the additional work, the trailer did not meet with Avila's satisfaction.  Accordingly, Avila rescinded the contract, but Kindsvater refused to refund any of the purchase price.

Unable to resolve their dispute, Kindsvater and Avila each filed separate lawsuits. First, on March 19, 2019, Kindsvater filed a petition seeking declaratory relief in the 67th District Court of Tarrant County, Texas. Shortly thereafter, on March 25, 2019, Avila filed an original complaint in the Superior Court of the State of California, County of Contra Costa for, *inter alia*, breach of contract.

While the Texas lawsuit was filed first, the California lawsuit proceeded much more quickly. Avila personally served Kindsvater in the California lawsuit by and through its registered agent on April 8, 2019. Meanwhile, Kindsvater did not even attempt to serve Avila in the Texas lawsuit until May 11, 2019, and did not successfully serve him until August 15, 2019, via substituted service, though Avila maintains that he was not actually aware of the Texas lawsuit until much later.[1]

Because Kindsvater failed to timely file an answer in the California lawsuit, a default judgment was entered in favor of Avila on September 13, 2019. Notice of entry of judgment was served on Kindsvater on September 23, 2019.

Despite the entry of a default judgment in favor of Avila in the California lawsuit, the Texas lawsuit continued. On January 6, 2020, the 67th District Court of

---

[1]It should be noted that Kindsvater's counsel emailed Avila's attorney a copy of the petition in the Texas lawsuit on March 21, 2019, and asked him if he would accept service on behalf of Avila. However, Avila's attorney responded that he was not authorized to accept service on Avila's behalf. [*Id.*] Then, beginning on May 11, 2019, Kindsvater attempted to serve Avila at 4875 Discovery Point, Discovery Bay, California, which Avila's attorney had described in email communications as "Mr. Avila's home." Kindsvater attempted to serve Avila at this address six times without success. This appears to be due to the transposition of two digits in Avila's address—Avila actually resides at 4785 Discovery Point, Discovery Bay, California.

Tarrant County entered a default judgment against Avila in the Texas lawsuit. Avila filed a motion for new trial, which the 67th District Court granted on the grounds that service on Avila had been deficient. At the time of this appeal, the Texas lawsuit remained pending.

On September 3, 2021, Avila filed an Affidavit of Foreign Judgment in Tarrant County, Texas, to domesticate the judgment entered in the California lawsuit. The matter was assigned to the 153rd District Court of Tarrant County, Texas. Kindsvater then filed a Motion to Declare Foreign Judgment Void on the grounds that the California court lacked personal jurisdiction over Kindsvater. Kindsvater never served a notice of hearing on the motion, nor was any hearing set by the court. On October 12, 2021, the 153rd District Court entered an order granting Kindsvater's motion and declaring the judgment in the California lawsuit void. Avila then filed a motion for reconsideration on the grounds that Kindsvater had failed to meet its burden to vacate the California judgment. On December 17, 2021, the 153rd District Court held a hearing on Avila's motion for reconsideration and denied the motion by order entered the same day. This appeal followed.

### III.  Discussion

### A.    The Law Concerning the Domestication of Foreign Judgments

The United States Constitution requires each state to give full faith and credit to the public acts, records, and judicial proceedings of every other state. U.S. Const. art. IV, § 1; *Dalton v. Dalton*, 551 S.W.3d 126, 135 (Tex. 2018). A judgment creditor

4

seeking to enforce another state's judgment in Texas may do so in one of two ways: (1) bringing a common law action to enforce the judgment or (2) following the procedures set forth in the Uniform Enforcement of Foreign Judgments Act (UEFJA). *Couns. Fin. Servs., L.L.C. v. David McQuade Leibowitz, P.C.*, 311 S.W.3d 45, 50 (Tex. App.—San Antonio 2010, pet. denied); *see generally* Tex. Civ. Prac. & Rem. Code Ann. §§ 35.001–35.008. The filing of an authenticated copy of a foreign judgment pursuant to the UEFJA satisfies a judgment creditor's burden to present a prima facie case for the enforcement of the judgment. *Cash Reg. Sales & Servs. of Hous., Inc. v. Copelco Cap., Inc.*, 62 S.W.3d 278, 280 (Tex. App.—Houston [1st Dist.] 2001, no pet.); *Minuteman Press Int'l, Inc. v. Sparks*, 782 S.W.2d 339, 340 (Tex. App.—Fort Worth 1989, no writ). This is true even if the judgment is entered by default. *Clamon v. DeLong*, 477 S.W.3d 823, 826 (Tex. App.—Fort Worth 2015, no pet.). The burden then shifts to the judgment debtor to demonstrate why the judgment should not be given full faith and credit. *Minuteman*, 782 S.W.2d at 340–41. To satisfy this burden, the judgment debtor must present clear and convincing evidence that the judgment is invalid. *Cash Reg. Sales*, 62 S.W.3d at 280–81; *Fuhrer v. Rinyu*, 647 S.W.2d 315, 317 (Tex. App.—Corpus Christi–Edinburg 1982, no writ) (op. on reh'g).

**B.    Standard of Review**

A motion contesting the enforcement of a foreign judgment operates as a motion for new trial. *Jonsson v. Rand Racing, L.L.C.*, 270 S.W.3d 320, 324 (Tex. App.—Dallas 2008, no pet.). We review a trial court's order on a motion contesting a foreign

5

judgment's enforcement for an abuse of discretion. *Id.* In such a case, we apply the abuse-of-discretion standard recognizing that the law requires the trial court to give full faith and credit to the foreign judgment unless the judgment debtor establishes an exception by clear and convincing evidence. *Jahan Tigh v. De Lage Landen Fin. Servs.*, 545 S.W.3d 714, 723 (Tex. App.—Fort Worth 2018, no pet.). Determining whether a judgment debtor established an exception generally involves a factual inquiry, not resolution of a question of law. *Id.* A trial court abuses its discretion when it acts without reference to any guiding rules or principles or its actions are arbitrary or unreasonable under the circumstances. *Jonsson*, 270 S.W.3d at 324.

## C. The Present Case

In the present case, it was an abuse of discretion to grant Kindsvater's Motion to Declare Judgment Void without first conducting a hearing. Because Avila filed an authenticated copy of the California judgment in the trial court, Kindsvater bore the burden of demonstrating by clear and convincing evidence that the judgment should not be given full faith and credit. *See Jahan Tigh*, 545 S.W.3d at 723; *Cash Reg. Sales*, 62 S.W.3d at 280–81. By not holding a hearing and, in essence, granting the motion by default,[2] Kindsvater was not held to its burden of proof. Because the determination

---

[2]At the hearing on Avila's motion for reconsideration, the trial court gave the following account of why it entered the order granting Kindsvater's motion to vacate the California judgment:

> So when I look at it in the file as it pops up, I see that there's no response, I just grant it because there's no hearing set and no response.

6

as to whether Kindsvater can demonstrate that the California judgment is not entitled to full faith and credit in Texas involves a factual inquiry, not a legal question, a hearing was appropriate. *See Jahan Tigh*, 545 S.W.3d at 723 (noting that determining whether a judgment debtor established an exception generally involves a factual inquiry, not resolution of a question of law).

Moreover, the granting of the motion without a hearing and without setting any deadline for Avila to file a response denied Avila due process. *See Mathews v. Eldridge*, 424 U.S. 319, 333, 96 S. Ct. 893, 902 (1976) (recognizing that due process requires "the opportunity to be heard 'at a meaningful time and in a meaningful manner'" (quoting *Armstrong v. Manzo*, 380 U.S. 545, 552, 85 S. Ct. 1187, 1191 (1965))); *see also Univ. of Tex. Med. Sch. at Hous. v. Than*, 901 S.W.2d 926, 930 (Tex. 1995) (same). As noted above, Kindsvater's motion was granted, in essence, by default; however, such a disposition was improper and unfair to Avila because no deadline had been set by which he was to file a response. Indeed, at the hearing on Avila's motion to reconsider, the trial court acknowledged that the procedural deficiencies had cost Avila the opportunity to file a response and conceded that Kindsvater's original motion should have been set for hearing.[3] Because the procedure followed by the

---

The trial court's comments suggest that it granted the motion by default, not on the merits.

[3]At the hearing, the trial court recognized that an "error occurred" and that, as a result, "[Avila's counsel] never got a chance to file a response." Additionally, the court stated that it believed its ruling was correct but "that procedurally that . . .

7

trial court did not provide Avila a meaningful opportunity to be heard, he was not afforded due process. *See Mathews*, 424 U.S. at 333, 96 S. Ct. at 902.

Kindsvater asserts that the subsequent hearing on Avila's motion to reconsider cured any deprivation of due process. However, the hearing on the motion to reconsider was constrained to a twenty-minute time window and focused primarily on procedural issues—including why the original motion had not been set for hearing—not the merits of the motion. The hearing did not afford the parties an opportunity to make substantive arguments or to present evidence. Accordingly, it did not provide Avila the opportunity to be heard "at a meaningful time" or "in a meaningful manner." *Id.* at 333, 96 S. Ct. at 902.

In sum, by granting the motion without holding a hearing or advising Avila of the deadline to file a response, the trial court failed to hold Kindsvater to its burden of proof and denied Avila a meaningful opportunity to be heard. Accordingly, the trial court abused its discretion.

---

should have been a hearing." Later, the trial court restated its belief that its ruling was correct but acknowledged that it was also "defective in that this was a contested issue and should have had a hearing of some sort."

## IV. Conclusion

For the reasons set forth above, we reverse the trial court's Order Granting Motion to Declare Foreign Judgment Void and remand this matter to the trial court so that an evidentiary hearing may be held on Kindsvater's motion.

/s/ Dabney Bassel

Dabney Bassel
Justice

Delivered: August 31, 2022